IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:    SHIRLEY ANN DOUGLAS | CHAPTER 13 BANKRUPTCY<br>CASE NO. 09-13893 |
| | |
| TERRE M. VARDAMAN, TRUSTEE FOR<br>THE ESTATE OF SHIRLEY ANN DOUGLAS | PLAINTIFF |
| V | ADVERSARY NO. _____ |
| RICHARD B. SCHWARTZ, SCHWARTZ &<br>ASSOCIATES, P.A., and VANN F. LEONARD<br>AND JOHN DOES | DEFENDANTS |

## COMPLAINT

Comes now, Selene D. Maddox, Attorney for Terre M. Vardaman, Trustee for the Estate of Shirley Ann Douglas, and files her Complaint against Defendants and in support hereof, states unto the Court as follows, to-wit:

1. Plaintiff, Terre M. Vardaman, is the duly qualified and acting Trustee for the Estate of Shirley Ann Douglas.

2. The Defendant, Richard B. Schwartz, is an adult resident citizen of Hinds County, Mississippi , and may be served with a copy of this Complaint by mailing a copy to him at his usual business address of 162 East Amite Street, P.O. Box 3949, Jackson, MS 39207.

3. Defendant, Schwartz & Associates, P.A., is a Mississippi Professional Corporation in good standing with the Office of the Secretary of State of Mississippi, and may be served with a copy of this

Complaint by mailing a copy to the registered agent for service of process, Richard B. Schwartz, at his address listed with the Secretary of State of Mississippi, of 134 E. Amite Street, P.O. Box 3949, Jackson, MS 39207-3949.

4. Defendant, Vann F. Leonard, is an adult resident citizen of Madison County, Mississippi, and may be served with a copy of this Complaint by mailing a copy to him at his business address of 578 Highland Colony Parkway, Ste. 130, P.O. Box 16026, Jackson, MS 39236-6026.

5.. Plaintiff reserves the right to amend this Complaint to substitute parties in the place of John Does should it be necessary to add necessary Defendants to this action which come to light in the process of development of this adversary proceeding.

6. This is a core proceeding and jurisdiction of this Court is based upon Rule 7001 of the Federal Rules of Civil Procedure, and 28 U.S.C. Sections 1334 and 157. This proceeding is brought pursuant to 11 U.S.C. Sections 1306, 541 and 542.

7. This proceeding arises in and is related to the bankruptcy case of In Re Shirley Douglas, bearing case number 09-13893.

8. On August 3, 2009, Debtor filed a Chapter 13 Bankruptcy Case and, thereafter, began making plan payments pursuant to her proposed plan. Subsequently, Debtor's plan was confirmed and Debtor continued to make her required payments. On or about March 16, 2010, the Chapter 13 Trustee's office received a telephone call from Vann Leonard, Attorney, advising Richard Schwartz obtained a settlement in the amount of $500,000.00 on behalf of debtor as the result of a personal injury claim. Mr. Leonard advised he would be preparing documents to obtain approval of the settlement and fees. On or about March 18, 2010, the Chapter 13 Trustee received a letter from Mr. Leonard confirming the settlement and advising Schwartz & Associates would receive the funds and

tender same to Mr. Leonard to hold in escrow until the appropriate orders were entered by the Bankruptcy Court approving employment of attorney, compromise settlement and fees. On April 7, 2010, Vann Leonard filed the Motion For Approval Of Compromise And Settlement And Request For Approval Of Attorney's Fee as well as the Motion For Approval of Employment of Special Counsel *Nunc Pro Tunc* and for Approval of Contingency Fee Contract. The Order Approving Employment Of Special Counsel *Nunc Pro Tunc* And Approving Contingency Fee Contract and the Order Approving Compromise And Settlement And Approving Attorney's Fee was entered by the Bankruptcy Court on June 3, 2010. The settlement in the amount of $500,000.00 was approved with $172,414.68 to be paid to Schwartz & Associates with the balance of settlement funds to be paid to the Chapter 13 Trustee. As of this date, over four months after the Orders were entered, no funds have been tendered to the Chapter 13 Trustee. The last contact Vann Leonard had with the Trustee was on August 10, 2010, when he called to advise "the check is going out in the mail today". The Trustee is concerned the funds are not being held in an escrow or trust account and the Trustee is further concerned the funds have been misappropriated or converted to Defendants' own use.

9. Schwartz & Associates, PA, was hired by this bankruptcy estate to prosecute a personal injury claim of debtor which became an asset of debtor's bankruptcy estate upon the filing of her bankruptcy case. Richard Schwartz signed the employment contract on behalf of Schwartz & Associates, PA, with Debtor and signed the affidavit attached to the motion filed in the bankruptcy case to employ special counsel. Schwartz & Associates, by and through Richard Schwartz, hired Vann Leonard to assist with the preparation and filing of documents in the bankruptcy case; therefore, Mr. Leonard is an agent of Schwartz & Associates and the Defendants are jointly and severally liable for the payment of the settlement funds and any damages and costs which may accrue as the result of any

of the actions of Defendants. Richard Schwartz, in his individual capacity as an attorney and in his capacity as President of Schwartz & Associates, PA, had a duty to act in good faith and fair dealing and to preserve all assets of the bankruptcy estate and insure all property of the bankruptcy estate was turned over promptly to the Trustee.

10. Upon information and belief, the Trustee believes the settlement proceeds have been misappropriated by Defendants and converted to personal use. As such, Defendants have committed embezzlement against the bankruptcy estate under 18 U.S.C. Section 153 and theft of estate property.

11. Upon information and belief, the Trustee believes Defendants have made false or fraudulent representation or promise concerning the tendering or turnover of the asset of the estate, being the settlement proceeds, to the Chapter 13 Trustee for disbursement under Debtor's plan. Defendants have not protected the estate asset(s) and Defendants have obstinately and continuously ignored and violated this Court's Orders. After proper disbursement to creditors under the plan and payment of administrative costs, all excess funds would be paid to Debtor and Debtor would receive a discharge in her bankruptcy case. As a result of non-delivery of the settlement funds by Defendants to Trustee, Debtor has had to continue to make plan payments each and every month and Debtor has been denied a discharge in her case.

12. Not only has Defendants' failure to pay the settlement funds to the Trustee adversely affected the estate and creditors of the estate and the debtor individually, it has also adversely affected the Chapter 13 Trustee and all other Debtors in cases in which Terre M. Vardaman is the appointed case trustee. The case Trustee earns compensation/fees based on disbursements made to creditors and the percentage charged is on a sliding scale based on all cases as a whole and the percentage charged periodically changes in each case. The Trustee has not earned all due compensation in this case as she

has been unable to disburse the settlement funds to creditors. Debtors in other cases in which Terre M. Vardaman is Chapter 13 Case Trustee are adversely affected because the trustee compensation paid in those cases are based on monies collected and disbursed in all cases as explained herein.

13. Defendants were negligent in improper safekeeping property of the estate. Upon information and belief, Trustee believes the settlement funds were not held separately from Defendants' property under Rules of Professional Conduct, Rule 1.15. Further, Defendants had a duty to deliver the settlement proceeds promptly to the Trustee for the benefit of the bankruptcy estate of Shirley Ann Douglas.

14. The acts of Defendants in failing to tender the settlement funds to the Trustee and misappropriating funds or converting funds to personal use have been deceitful, dishonest, intentional, deliberate, willful and egregious.

15. Defendants have acted in a negligent manner detrimental to the bankruptcy estate of debtor as well as to the debtor, individually. The acts of Defendants in failing to protect the settlement funds and promptly tendering the settlement funds amount to nothing less than legal malpractice. Defendants have breached their contract with the estate and debtor to fully and diligently represent debtor and the bankruptcy estate in failure to turn over property of the estate. Defendants have breached their fiduciary duty to the Trustee, the bankruptcy estate of Shirley Ann Douglas and to Shirley Ann Douglas, individually. The Defendants' breach of fiduciary duty is legal malpractice. It is evident in this case the following:

    a. There exists a lawyer client relationship;

    b. Defendants were negligent in handling the affairs of the Trustee, bankruptcy estate and debtor;

c. The negligence of Defendants is the proximate cause of the injury or damages to the Trustee, the bankruptcy estate and debtor.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court, upon a trial hereon, as a result of the acts of Defendants, award and order the following:

A. Order immediate turnover of the sum of $327,585.32 to the Chapter 13 Trustee by Defendants;

B. Order Defendants to provide a detailed accounting of the settlement funds of $500,000.00, including, but not limited to proof of the initial deposit of the funds in a trust or escrow account, and any and all disbursements made from the settlement funds and copies of all documents supporting the information detailed in the accounting;

C. Set aside the Order approving Defendants' attorney fees and costs in the amount of $172,414.68, and further order that the attorney fees and costs in the amount of $172,414.68, paid to Schwartz & Associates be disgorged immediately and paid to the Chapter 13 Trustee for disbursement pursuant to further order of this Court;

D. Order that any wrongful or unlawful and or negligent actions by any one of the Defendants are imputed to all Defendants just as if each defendant was personally guilty of such act.

E. Order Defendants negligent in not properly safekeeping property of the estate and negligent in not promptly and immediately turning over settlement funds to the Trustee.

F. Order Defendants made false and fraudulent representations and promises concerning the tendering or turnover of the settlement funds to the Trustee.

G. Order Defendants continuously ignored and violated this Court's Orders.

H. Order the deceitful, dishonest, intentional, deliberate, willful and egregious acts of

Defendants not immediately and promptly turning over the settlement funds to the Trustee constitutes legal malpractice by Defendants;

I. Order the misappropriation and conversion to personal use of the settlement funds by Defendants constitutes legal malpractice by Defendants;

J. Order Defendants guilty of legal malpractice and embezzlement and theft of estate property;

K. Order Defendants are in breach of contract and in breach of their fiduciary duty to the Bankruptcy Estate, Trustee and Debtor and that breach is legal malpractice;

L. Order a lawyer client relationship exists by and between Defendants and the Bankruptcy Estate, the Trustee and Debtor; that Defendants were negligent in handling the affairs of the Trustee, Bankruptcy Estate and debtor; and, that the negligence of Defendants is the proximate cause of the injury or damages to the Trustee, the Bankruptcy Estate and Debtor.

M. Order Defendants to pay damages, to include actual, compensatory and punitive damages, to the bankruptcy estate of Shirley Ann Douglas for proper distribution under the plan and all excess funds awarded as damages, to be distributed to Shirley Ann Douglas or as further directed by this Court; the award by this Court to include damages directly related to those suffered by the Bankruptcy Estate, Debtor, Trustee and all other Debtors in which Terre M. Vardaman is the Case Trustee;

N. Award a reasonable and fair attorney's fee and costs to Selene D. Maddox, Attorney for the Chapter 13 Trustee for the Estate of Shirley Ann Douglas for prosecution of this Complaint and recovery of assets of the estate.

Plaintiff prays for all such further relief which may be just and proper, whether prayed for herein or not.

Respectfully submitted, on this the 21st day of October, 2010.

_____
SELENE D. MADDOX, Trustee
Attorney for Chapter 13 Trustee
MSB #1815

362 North Broadway Street
Tupelo, MS 38804
(662) 841-0061 phone
(662) 841-0093 facsimile