IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | |
| SHIRLEY ANN DOUGLAS | CHAPTER 13 PROCEEDING |
|     Debtor | CASE NO. 09–13893–DWH |
| | |
| TERRE M. VARDAMAN, TRUSTEE FOR | |
| THE ESTATE OF SHIRLEY ANN DOUGLAS, | PLAINTIFF |
| | |
| VS. | ADVERSARY NO. 10-01187-DWH |
| | |
| RICHARD B. SCHWARTZ, SCHWARTZ & | |
| ASSOCIATES, P.A., and VANN F. LEONARD | |
| AND JOHN DOES, | DEFENDANTS |

**ANSWER OF DEFENDANTS RICHARD B. SCHWARTZ
AND SCHWARTZ AND ASSOCIATES, P.A., TO COMPLAINT OF
CHAPTER 13 CASE TRUSTEE AND
CROSS-CLAIM AGAINST VANN F. LEONARD**

COME NOW DEFENDANTS Richard B. Schwartz and Schwartz & Associates, P.A., (hereinafter sometimes the "Schwartz defendants" or "these defendants") and file this their response to the allegations against them by the Chapter 13 Trustee Terre M. Vardaman (hereinafter sometimes "plaintiff" or "Trustee") in the Complaint (Doc. No. 1) (hereinafter "Complaint").

**FIRST DEFENSE**

The Complaint fails to state a cause of action against these defendants upon which relief may be granted.

**SECOND DEFENSE**

The Complaint fails to state, with the specificity required by *Fed. R. Civ. P.* 9(b) and

*B. R. 7009(b)*, the circumstances which allegedly constitute fraud.

### THIRD DEFENSE

If plaintiff has suffered injuries or damages, those injuries and/or damages were proximately caused or contributed to solely by the negligent and/or intentional acts, wrongs, or omissions of other persons, entities, forces or things over which these defendants had no control and/or for which they are not responsible. As to all such persons, including those not named as a party to this litigation, these defendants plead the right to apportionment and limitation of damages as provided, *inter alia*, in *Miss. Code Ann.* Section 11-7-15 and Section 85-5-7.

### FOURTH DEFENSE

1.

This proceeding is a core proceeding involving funds belonging to the Chapter 13 bankruptcy estate of Shirley Ann Douglas (hereinafter sometimes "Debtor" or "Douglas"). This proceeding involves some or all of the proceeds of a settlement in the total amount of $500,000.00 which defendants Richard B. Schwartz and Schwartz & Associates, P.A., obtained for the benefit of Shirley Ann Douglas at a time when she was a debtor in a Chapter 13 proceeding. On July 31, 2009, Douglas filed a Chapter 13 proceeding in the United States Bankruptcy Court for the Northern District of Mississippi which was docketed by the Clerk of Court as Case No. 09-13893-DWH (the Chapter 13 proceeding"). The Bankruptcy Court appointed Terre M. Vardaman as the Chapter 13 Case Trustee.

2.

Before Douglas filed her Chapter 13 proceeding, Defendants Richard B. Schwartz and

Schwartz & Associates, P.A., were counsel for her pursuant to a written professional services agreement (the "contingency fee contract") dated June, 2007, regarding a personal injury claim (the "personal injury claim") which she had against a third party prior to her filing for relief under Chapter 13 of the United States Bankruptcy Code. The professional services agreement between Douglas and Schwartz & Associates, P.A., provided for payment to Schwartz & Associates, P.A., of a contingency fee of one-third of the amount recovered if counsel was settled the claim before trial, plus reimbursement of expenses incurred in the matter. Richard B. Schwartz and Schwartz & Associates, P.A., continued to represent Douglas on the personal injury claim during the pendency of the Chapter 13 proceeding. In 2010, Richard B. Schwartz and Schwartz & Associates, P.A., negotiated a settlement of Debtor's personal injury claim for $500,000.00. The proceeds of the settlement of the personal injury claim were and are property of the bankruptcy estate of Douglas and subject to the control of the Chapter 13 Case Trustee.

3.

On April 7, 2010, through separate counsel Vann F. Leonard, Richard B. Schwartz and Schwartz & Associates, P.A., filed an application for employment of Richard B. Schwartz and Schwartz & Associates, P.A., as Special Counsel and requested approval of the contingency fee contract between Shirley Douglas and Schwartz & Associates, P.A., regarding the personal injury claim. Also on April 7, 2010, Richard B. Schwartz and Schwartz & Associates, P.A., through separate counsel Vann F. Leonard, filed an application to approve a compromise and settlement of the personal injury claim of Douglas for $500,000.00 and an application for approval of the payment to Schwartz & Associates, out of the proceeds of the settlement, the amount of $172,414.68 in attorney fees and reimbursement for expenses.

4.

By order entered on June 3, 2010, the United States Bankruptcy Court for the Northern District of Mississippi approved employment of Richard B. Schwartz and Schwartz & Associates, P.A., as special counsel *nunc pro tunc* and approved the contingency fee contract between Schwartz & Associates, P.A., and Debtor concerning the personal injury claim.  By orders entered on June 3, 2010, the United States Bankruptcy Court for the Northern District of Mississippi approved settlement of the personal injury claim for $500,000.00 in favor of the Debtor and approved payment of attorney fees and reimbursement of expenses to Schwartz & Associates in the total amount of $172,414.68 out of the settlement proceeds.  The Bankruptcy Court also ordered that all "excess settlement proceeds after payment of legal fees and reimbursement of expenses shall be tendered to the Chapter 13 Case Trustee" for distribution to unsecured creditors of Debtor or be disbursed by Vann F. Leonard "at the direction of the Chapter 13 Case Trustee, all without further Order of this Court."  Copies of the orders entered by the United States Bankruptcy Court for the Northern District of Mississippi in the Chapter 13 proceeding (a) granting the application to employ Richard B. Schwartz and Schwartz & Associates, P.A., as Special Counsel and approving the contingency fee contract; (b) granting the application to compromise a controversy; and, (c) granting the application for payment of compensation and reimbursement for expenses are attached hereto as Exhibits "B," "C," and "D," respectively. (Chapter 13 proceeding Doc. Nos. 52, 53-1, and 54, respectively.)

**FIFTH DEFENSE**

The claims alleged in the Complaint may be barred, in whole or in part, by the doctrine of waiver and/or estoppel.

### SIXTH DEFENSE

The claims alleged in the Complaint may be barred, in whole or in part, by accord and satisfaction.

### SEVENTH DEFENSE

The claims alleged in the Complaint may be barred, in whole or in part, under the doctrines of election of remedies, failure of consideration, release, payment, *res judicata*, fraud, laches, and/or collateral estoppel.

### EIGHTH DEFENSE

Plaintiff's damages and/or injuries, if any, were caused by intervening and/or superseding causes over which these defendants had no control and for which they are not liable.

### NINTH DEFENSE

Plaintiff's damages and/or injuries, if any, may be barred by and/or diminished by the doctrine of avoidable consequences.

### TENTH DEFENSE

Plaintiff's damages and/or injuries, if any, resulted from unforeseeable or unavoidable circumstances and causes that could not have been prevented by these defendants.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands; and, the requested relief by plaintiff should be denied and/or limited accordingly.

### TWELFTH DEFENSE

The claims alleged in the Complaint are barred, in whole or in part, to the extent that

plaintiff has failed to mitigate damages.

## THIRTEENTH DEFENSE

The Complaint fails to allege with specificity any facts which would warrant the imposition of punitive damages.

## FOURTEENTH DEFENSE

Although denying that plaintiff is entitled to punitive damages or to any relief whatsoever against these defendants herein, to the extent that plaintiff seeks punitive damages, these defendants affirmatively plead that:

a. An award of punitive damages in this civil action amounts to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

b. An award of punitive damages in this civil action violates the due process provision of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

c. The criteria used for determining whether, and in what amount, punitive damages may be awarded are impermissibly vague, imprecise, and inconsistent and therefore in violation of the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution;

d. An award of punitive damages in this civil action amounts to an excessive fine in violation of the Eighth Amendment to the United States Constitution and of Section 28 of the Mississippi Constitution;

e. An award of punitive damages in this civil action violates the equal protection provisions of the Fourteenth Amendment in that such a sanction is discriminatory and arbitrary in penalizing this defendant on the basis of assets;

f. To the extent that this defendant is subjected to a criminal sanction through punitive damages, the burden of proof required to impose the same should be proved "beyond a reasonable doubt" and punitive damages should not be awarded without affording this defendant the full range of criminal procedural safeguards afforded by the Fourth, Fifth, and Sixth Amendments to the United States Constitution;

    g.    An award of punitive damages violates Article 1, Section X of the United States Constitution; and

    h.    An award of punitive damages in this civil action violates similar and related provisions, as noted above, of the Constitution of the State of Mississippi.

## FIFTEENTH DEFENSE

These defendants reserve the right to assert any and/or all applicable affirmative defenses which discovery may reveal to be appropriate.

## SIXTEENTH DEFENSE

Without waiving any rights or defenses to be brought before the Court by a motion to dismiss or a motion for more definite statement or other motion or pleading, and specifically reserving said rights, these defendants respond as follows to the allegations set forth in the Complaint, with the paragraph number of the response corresponding to the paragraph number of the Complaint:

1.

Admitted.

2.

Denied. Defendant Richard B. Schwartz admits that he is an adult resident of Madison County, Mississippi, and that service of process in this matter has been obtained upon him.

3.

Admitted.

4.

The allegations of this numbered paragraph are not directed toward the Schwartz defendants and no answer is required of them.

5.

The allegations of this numbered paragraph are not directed toward the Schwartz defendants and no answer is required of them.

6.

The Schwartz defendants admit that this adversary proceeding is a core proceeding and that this court has jurisdiction of the matters in the complaint filed by the Trustee and over the parties named in the complaint. The remaining allegations of Paragraph No. 6 of the Complaint are statements of legal opinion to which no answer is required of these defendants.

7.

The Schwartz defendants admit that this proceeding arises in or arises under Chapter 13 bankruptcy proceeding of Debtor Shirley Ann Douglas which is pending on the docket of this Court as Case No. 09-13893. The remaining allegations of Paragraph No. 7 of the Complaint are denied.

8.

The allegations of the first and second sentences of Paragraph No. 8 of the Complaint are admitted. The Schwarz defendants have no direct knowledge of the allegations of the third and fourth sentences of Paragraph No. 8 but believe them to be correct. The allegations of the fifth and sixth sentences of Paragraph No. 8 of the Complaint are admitted. As concerns the allegations of the seventh sentence of Paragraph No. 8 of the Complaint, the Schwartz defendants admit that this Honorable Court entered orders as stated but further state that the orders speak for themselves. The allegations of the eighth sentence of Paragraph No. 8 of the Complaint are admitted. For want of sufficient information, the Schwartz defendants can neither admit nor deny the allegations

of the ninth, tenth and eleventh sentences of Paragraph No. 8 of the Complaint and the same are, therefore, denied.

9.

With regard to the allegations of Paragraph No. 9 of the Complaint, Schwartz & Associates, P.A., admits that, through counsel, it filed a motion for its employment as Special Counsel *Nunc Pro Tunc* and for approval of the contingency fee contract between itself and Debtor Shirley Douglas (the "contingency fee contract") which predated Debtor's filing for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. The Schwartz defendants further admit that the personal injury claim of Debtor, which was the subject of the contingency fee contract, was an asset of the Chapter 13 bankruptcy estate when Debtor filed for relief under Chapter 13 of the United States Bankruptcy Code. The remaining allegations of the first sentence of Paragraph No. 9 of the Complaint are denied. With regard to the allegations of the second sentence of Paragraph No. 9 of the Complaint, Defendant Richard Schwartz admits that he signed the contingency fee contract on behalf of Schwartz & Associates and that he signed the affidavit attached to the motion to employ special counsel (Bankruptcy Case Doc. No. 38). For further answer, the Schwartz defendants state that the documents speak for themselves. The remaining allegations of this sentence, if any, are denied. With regard to the allegations of the third sentence of Paragraph No. 9 of the Complaint, the Schwartz defendants admit that Schwartz & Associates, P.A., employed Vann F. Leonard, a member in good standing of the bar of this Honorable Court, to handle settlement proceeds in accordance with the procedures and directives of this Honorable Court and, more specifically, to prepare and file the motions, proposed orders and other documents necessary and proper to obtaining the approval of this Honorable Court (a) of the

contingency fee contract; (b) of the employment of Schwartz & Associates as Special Counsel concerning the personal injury claim of Debtor; and (c) of the settlement and compromise of the claim for the sum of $500,000.00; and (d) of the payment to Schwartz & Associates, P.A., of its attorney's fee and of an amount in reimbursement of expenses as agreed upon in the contingency fee contract.  The remaining allegations of the third sentence of Paragraph No. 9 of the Complaint are denied.  As regards the allegations of the fourth sentence of Paragraph No. 9 of the Complaint, defendant Richard Schwartz denies that he has failed to act in accordance with any duty owed by him to a client to act in good faith and fair dealing or that he has failed to preserve the assets of the bankruptcy estate or that he has failed properly to handle property of the bankruptcy estate.

10.

The allegations of Paragraph No. 10 of the Complaint are denied.

11.

In so far as the allegations of the first and second sentences of Paragraph No. 11 of the Complaint are directed at the Schwartz defendants, the same are denied.  For want of sufficient information, the Schwartz defendants can neither admit nor deny the allegations of the third and fourth sentences of Paragraph 10 of the Complaint and the same are, therefore, denied.

12.

For want of sufficient information, the Schwartz defendants can neither admit nor deny the allegations of Paragraph No. 12 of the Complaint and the same are, therefore, denied.

13.

In so far as the allegations of Paragraph No. 13 of the Complaint are directed at the Schwartz defendants, the same are denied.  For further answer, the Schwartz defendant state that

they complied with all orders of the Court regarding the handling of the proceeds of the settlement and that they did not receive any of the settlement proceeds except as specifically approved by order of the Court.

14.

The Schwartz defendants deny the allegations of Paragraph No. 14 of the Complaint.

15.

The Schwartz defendants deny the allegations of the first, second, third, and fourth sentences of Paragraph No. 14 of the Complaint. With regard to the allegations of the fifth sentence of Paragraph No. 14 of the Complaint, the Schwartz defendants admit that a lawyer-client relations existed as a result of the contingent fee contract but deny that they have breached any fiduciary duty or committed any negligence in handling the affairs of any client in this matter or that they have been the proximate cause of any injury to any client or to the bankruptcy estate or to the Trustee.

The Schwartz defendants deny all allegations contained in the last, unnumbered paragraph following Paragraph No. 15 of the Complaint, beginning with the heading "WHEREFORE, PREMISES CONSIDERED." The Schwartz defendants specifically deny that plaintiff is entitled to any relief whatsoever from them.

AND NOW, having answered the allegations against them, these defendants respectfully request that this Court dismiss the allegations against them and that it assess all associated costs and expenses against plaintiff and that it grant to these defendants any and all additional relief to

which they may be entitled.

## CROSS-CLAIM

COME NOW Richard B. Schwartz and Schwartz & Associates, P.A., having answered the Complaint against them filed by the Chapter 13 Case Trustee, and assert this their cross-claim against Vann F. Leonard, and, in support thereof, allege as follows.

## PARTIES

16.

Richard B. Schwartz is an adult resident of Madison County, Mississippi.

17.

Schwartz And Associates, P.A., is a professional association organized under the laws of the State of Mississippi with its principal place of business in Jackson, Hinds County, Mississippi.

18.

Vann F. Leonard is a defendant to the Complaint in this action and therefore may be served with this cross-claim pursuant to Fed R. Civ P. 5(b)(1) as incorporated by Fed.R.Bankr.P. 7005.

## JURISDICTION

19.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157 and Rule 7001 of the Federal Rules of Bankruptcy Procedure and other related code sections and orders. This matter is a core proceeding.

## FACTS

20.

Richard B. Schwartz and Schwartz & Associates, P.A., re-allege and incorporate by

reference all factual allegations made against Vann F. Leonard in the Chapter 13 Trustee's Complaint (Adversary Doc. No. 1) as if fully restated herein.

21.

Richard B. Schwartz and Schwartz & Associates, P.A., re-allege and incorporate by reference paragraphs 1-15, as well as the Defenses stated above, of their response to the Complaint of the Chapter 13 Case Trustee as if fully restated herein.

**Cross-Claim For Indemnity**

22.

Richard B. Schwartz and Schwartz & Associates, P.A., are entitled to indemnity from Vann F. Leonard to the extent that Richard B. Schwartz and Schwartz & Associates, P.A., or either of them, are liable in damages to the Chapter 13 Case Trustee or to the bankruptcy estate of Shirley Ann Douglas or to Shirley Ann Douglas because defendant in cross-claim Vann F. Leonard has failed to pay over to one or more of the Chapter 13 Case Trustee or the bankruptcy estate of Shirley Ann Douglas or Shirley Ann Douglas the balance or any part of the balance of the proceeds of the settlement of the personal injury claim, after payment of the amounts approved for attorney fees and reimbursement of expenses, as ordered by this Court or as otherwise required by law or the rules of professional conduct for members of the Bar of this Court or of the Supreme Court of the State of Mississippi and to indemnity for any and all costs incurred or expended in defending against the claims of the Chapter 13 Case Trustee or the bankruptcy estate or the Debtor alleged in the Adversary Proceeding, including, but not limited to, attorney fees and costs of court.

WHEREFORE, Richard B. Schwartz and Schwartz & Associates, P.A., pray for judgment against Vann F. Leonard in an amount sufficient to reimburse them (a) for any sums which they are adjudged to owe to the Chapter 13 Case Trustee or to the bankruptcy estate of Shirley Ann Douglas or to Shirley Ann Douglas because of or arising out of the failure of Vann F. Leonard to pay over to the Chapter 13 Trustee the balance or any part of the balance of the proceeds of the settlement of the personal injury claim, after payment of the amounts approved for attorney fees and reimbursement of expenses, to and including any amount of attorney fees or expenses which Richard B. Schwartz and Schwartz & Associates, P.A., may be ordered to repay to the Chapter 13 Case Trustee or to the bankruptcy estate or to the Debtor, and (b) for any and all costs incurred or expended in defending against the claims of the Chapter 13 Case Trustee or the bankruptcy estate or the Debtor alleged in the Adversary Proceeding, including, but not limited to, attorney fees and costs of court.  In addition, Richard B. Schwartz and Schwartz & Associates, P.A., pray for such other and further relief to which they may be entitled.

This the 26th day of November, 2010.

                      Respectfully submitted,

                      RICHARD B. SCHWARTZ  And
                      SCHWARTZ AND ASSOCIATES, P.A.

                      BY:   /s/ J. Wyatt Hazard
                              OF COUNSEL

                      BY:   /s/ Richard C. Bradley III
                              OF COUNSEL

RICHARD C. BRADLEY III - MSB # 4269
DANIEL, COKER, HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400

POST OFFICE BOX 1084
JACKSON, MISSISSIPPI  39215-1084
TELEPHONE:  (601) 969-7607
FACSIMILE:  (601) 969-1116
rbradley@danielcoker.com

J WYATT HAZARD, - MSB # 2141
DANIEL, COKER, HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI  39215-1084
TELEPHONE:  (601) 969-7607
FACSIMILE:  (601) 969-1116
whazard@danielcoker.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon the parties listed below by first class mail, postage prepaid, or by e-mail to the address shown below:

Paula E. Drungole, Esq.
P. O. Box 186
Starkville, Mississippi 39760–0186
drungolelawfirm@bellsouth.net
Debtor's Bankruptcy Counsel

Terre M. Vardaman, Esq.
Chapter 13 Trustee
Post Office Box 1326
Brandon, Mississippi 39043
missatty@bellsouth.net

Selene D. Maddox, Esq.
362 North Broadway Street
Tupelo, Mississippi 38804
sdmaddox63@gmail.com
Counsel for the Chapter 13 Case Trustee

Philip W. Thomas, Esq.
Post Office Box 24464
Jackson, Mississippi 39225–4464
pthomas@thomasattorney.com
Counsel for Plaintiff Shirley Douglas

R. Adam Kirk, Esq.
Gore, Kilpatrick & Dambrino, PLLC
135 First Street (38901)
Post Office Box 901
Grenada, Mississippi 38902–0901
akirk@gorekilpatrick.com
Counsel for Richard B. Schwartz, Esq., and
Schwartz & Associates, P.A.

      This the 26th day of November, 2010.

                                      /s/ Richard C. Bradley III
                                      Richard C. Bradley III, MSB #4269

## LIST OF EXHIBITS

A. Reserved.

B. Order of United States Bankruptcy Court for the Northern District of Mississippi Approving Employment of Special Counsel *Nunc Pro Tunc* And Approving Contingency Fee Contract. (Bankruptcy Case Doc. No. 52)

C. Order of United States Bankruptcy Court for the Northern District of Mississippi Approving Compromise And Settlement (Bankruptcy Case Doc. No. 53-1)

D. Order of United States Bankruptcy Court for the Northern District of Mississippi Approving Attorney's Fee (Bankruptcy Case Doc. No. 54)