## IN THE UNITED STATES BANKRUPTCTY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE: SHIRLEY DOUGLAS                    CHAPTER 13 PROCEEDING

CASE NO. 09-13893

TERRE M. VARDAMAN, TRUSTEE FOR
THE ESTATE OF SHIRLEY ANN DOUGLAS                    PLAINTIFF

VS.

ADVERSARY NO. 10-01187-DWH

RICHARD B. SCHWARTZ, SCHWARTZ &
ASSOCIATES, P.A., and VANN F. LEONARD
AND JOHN DOES                                        DEFENDANTS

---

## DEBTOR'S MOTION TO REQUIRE RICHARD SCHWARTZ AND SCHWARTZ AND ASSOCIATES, P.A. TO PAY $172,414.68 TO THE TRUSTEE OR INTO THE REGISTRY OF THE COURT

---

The Debtor Shirley Douglas moves for an order requiring Richard Schwartz and

Schwartz & Associates, P.A. (collectively "Schwartz") to pay $172,414.68 to the Trustee

for the benefit of Debtor's creditors or into the registry of the court for the following

reasons:

1.      The movant Shirley Douglas is the debtor in this proceeding.

2.      Schwartz appeared in this proceeding based on its representation of Debtor

in a civil action that resulted in a $500,000 settlement.

3.      On June 2, 2010, this Court entered an Agreed Order approving Debtor's

settlement of her civil action for $500,000. The Court's Order also approved payment of

attorney's fee and expenses of $172,414.68 to Schwartz.

4.      The Court's June 2, 2010 Order further stated:

> IT IS FURTHER ORDERED AND ADJUDGED that all
> excess settlement proceeds after payment of legal fees and
> reimbursement of expenses shall be tendered to the Chapter
> 13 Case Trustee for distribution to timely-filed unsecured

Proofs of Claim, or disbursed by Vann F. Leonard, Attorney for Schwartz & Associates, at the direction of the Chapter 13 Case Trustee, all without further Order of this Court.

5.     Despite the Court's Order, Schwartz and its attorney Van Leonard never paid the excess settlement proceeds to the Chapter 13 Case Trustee.

6.     Debtor and her attorney have been in communication with the attorney for Schwartz. Schwartz's counsel notified Debtor and her counsel that Van Leonard misappropriated Debtor's settlement proceeds.

7.     By letter dated October 4, 2010, Debtor's counsel demanded that Schwartz or his insurance carrier immediately tender $500,000 to the bankruptcy Trustee. See Exhibit "1".

8.     By letter dated October 12, 2010, Schwartz's insurance carrier responded to Debtor's demand and declined to tender the $500,000 to the Trustee. See Exhibit "2". Debtor's counsel has received no formal response from Schwartz's counsel to Debtor's demand. The fact that Schwartz's insurer did respond, however, indicates that the insurer is acting on Schwartz's behalf and that Schwartz has no intention of complying with this Court's June 2, 2010 Order.

9.     Not only has Schwartz not paid the funds purportedly stolen by Van Leonard, Schwartz has not even returned the payment of the $172,414.68 paid to Schwartz. Thus, Schwartz received $172,414.68 from the settlement proceeds, but neither the Debtor nor her creditors received a penny.

10.     Schwartz hired Van Leonard to represent Schwartz in this proceeding. Leonard appeared on Schwartz's behalf. There is no attorney-client relationship between Debtor and Van Leonard.

2

11.    Under Mississippi law, Schwartz is liable for the conduct of Van Leonard. The case of *Duggins v. Guardianship of Washington*, 623 So. 2d 420 (Miss. 1993) is basically on point. In that case, an attorney who was hired by another attorney stole the settlement proceeds. The Mississippi Supreme Court affirmed the judgment against the original attorney and found him vicariously liable for the thief's conduct.

12.    Based on the foregoing, Debtor requests that this Court enter an Order that requires Schwartz to pay the $172,414.68 to the Case Trustee or into the registry of this Court.

**WHEREFORE**, Debtor requests that this Court enter an order requiring Schwartz to pay $172,414.68 to the Case Trustee or into the registry of this Court.

This the 29th day of November, 2010.

Respectfully Submitted,

SHIRLEY DOUGLAS

By Her Attorney,

PHILIP W. THOMAS
MS Bar No. 9667

PHILIP W. THOMAS, P.A.
747 North Congress Street
Jackson, MS 39202
Post Office Box 24464
Jackson, MS 39225-4464
Tel: (601) 714-5660
Fax: (601) 714-5659

3

## CERTIFICATE OF SERVICE

I certify that I have served via certified U. S. Mail a true and correct copy of the above and foregoing to the following:

Terre M. Vardaman, Esquire
Chapter 13 Case Trustee
Post Office Box 1326
Brandon, Mississippi 39043
missatty@bellsouth.net

Paula E. Drungole, Esquire
Attorney for Debtor
Post Office Box 186
Starkville, Mississippi 39760
drungolelawfirm@bellsouth.net

Andrew James Kilpatrick, Jr.
Gore Kilpatrick & Dambrino
108 W. Leake Street
Clinton, Mississippi 39056

R. Adam Kirk
Gore, Kilpatrick & Dambrino, PLLC
135 First Street (38901)
Post Office Box 901
Grenada, Mississippi 38902-0901
akirk@gorekilpatrick.com

Selene D. Maddox
Maddox Law Office
362 N. Broadway Street
Tupelo, Mississippi 38804-3926
sdmaddox63@gmial.com

This the 29th of November, 2010.

PHILIP W. THOMAS

# PHILIP W. THOMAS, P.A.

Post Office Box 24464 ◊ Jackson, Mississippi 39225
747 North Congress Street ◊ Jackson, Mississippi 39202
Phone 601.714.5660 ◊ Fax 601.714.5659
Email: pthomas@thomasattorney.com
Website: www.thomasattorney.com
Blog: www.mslitigationreview.com

October 4, 2010

<u>Via Facsimile: (601) 925-8335</u>
Mr. Andrew James Kilpatrick, Jr.
Gore Kilpatrick & Dambrino
108 W. Leake Street
Clinton, Mississippi 39056

Dear Mr. Kilpatrick:

As we discussed by phone last week, Shirley Douglas hired me to represent her in her claim against Richard Schwartz and Schwartz & Associates for legal malpractice.

My understanding of the facts from my discussions with you and Ms. Douglas is that Mr. Schwartz settled a personal injury claim on Ms. Douglas' behalf for $500,000. Mr. Schwartz then hired Van Leonard to represent Schwartz in Ms. Douglas' personal bankruptcy proceeding. Schwartz gave the $500,000 settlement proceeds to Leonard, who paid Schwartz $172,414.68 with the bankruptcy court's approval and stole the remaining $327,585.32. Please let me know if this is incorrect.

On behalf of Ms. Douglas, we demand that Mr. Schwartz or his insurance carrier immediately tender $500,000 to the bankruptcy trustee. This demand includes the money paid to Schwartz because he was negligent in his representation of Ms. Douglas. An attorney may not recover fees for legal services performed in a negligent manner.

I find it particularly troubling that Schwartz has not already paid his fee to the trustee given the circumstances of this case. Neither the trustee nor Ms. Douglas has collected a penny, while Mr. Schwartz recovered 100% of his attorney's fee and expenses. Mr. Schwartz's actions in this case clearly did not comply with the standard of care. But I believe that it would also be a violation of the rules of professional responsibility for Schwartz to continue to keep his fee and expenses when the trustee and his client got nothing.

Finally, I emphasize that time is of the essence in getting this matter resolved. Ms. Douglas should already have her bankruptcy discharge with money in her pocket. Instead, she is still in bankruptcy and more than 50% of her paycheck is going to satisfy

# EXHIBIT "1"

Via Facsimile:  (601) 925-8335
Mr. Andrew James Kilpatrick, Jr.
October 4, 2010
Page 2

creditors. She is trying to live on approximately $500 per month, which is not possible.
She cannot even afford all of her medication and is being partially supported by friends
and her church. This is causing Ms. Douglas extreme economic and non-economic
hardships. Mr. Schwartz is responsible and if he is an honorable man, he will get this
matter resolved now.

I would like to discuss this matter with you at your earliest convenience.

Sincerely,

Philip W. Thomas

```
                    ┌─────────────────────────────────────┐
                    │  TRANSMISSION VERIFICATION REPORT    │
                    └─────────────────────────────────────┘

                                        TIME  : 10/04/2010 08:58
                                        NAME  : PHILIP W THOMAS
                                        FAX   : 6017145659
                                        TEL   : 6017145660
                                        SER.# : BROK2J722001
```

```
        DATE.TIME               10/04  08:58
        FAX NO./NAME            6019258335
        DURATION               00:00:48
        PAGE(S)                03
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

# PHILIP W. THOMAS
### ATTORNEY AT LAW
### 747 NORTH CONGRESS STREET
### P.O. BOX 24464
### JACKSON, MS 39225
### TEL: (601) 714-5660 FAX: (601) 714-5659

## FACSIMILE TRANSMITTAL SHEET

| TO: Mr. Andrew James Kilpatrick, Jr. | FROM: Philip W. Thomas, Esq. |
|---|---|
| COMPANY: Gore Kilpatrick & Dambrino | DATE: 10/4/2010 |
| FAX NUMBER: (601) 925-8335 | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| PHONE NUMBER: (601) 925-8334 | RE: Shirley Douglas |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:



**Fireman's Fund**
Insurance Company

A company of **Allianz** (Ⅱ)

October 12, 2010

Fireman's Fund Insurance Company
33 W. Monroe Street, Suite 1200
Chicago, Il 60603

Mr. Philip W. Thomas, P.A.
P.O. Box 24464
Jackson, MS 39056

Via: U.S. Mail & Email (pthomas@thomasattorney.com)

Re:
Insured:           Schwartz & Associates, P.A.
Policy Number:     CLX 1001766
Issuing Company:   Interstate Fire and Casualty Company
Claim Number:      00510777980
Claimant:          Shirley Douglas

Dear Mr. Thomas:

Interstate Fire and Casualty Company ("IFCC") is in receipt of your letter dated October 4, 2010, which was forwarded to IFCC by Mr. Andrew Kilpatrick on October 6, 2010.

IFCC respectfully declines your demand to "immediately tender $500.000 to the bankruptcy trustee." IFCC's present evaluation and investigation into Richard Schwartz and Schwartz & Associates' representation of Ms. Douglas finds no direct evidence of negligence on the part of Mr. Schwartz or Schwartz & Associates. While your October 4, 2010. letter sets forth assertions that Richard Schwartz was both negligent. and non-compliant with a standard of care, the purported theft of monies in the possession of Van Leonard does not render Richard Schwartz or Schwartz & Associates negligent.

IFCC is currently continuing its investigation and evaluation of this matter. Please feel free to contact me if you would like to discuss the aforementioned.

# Exhibit "2"

Very truly yours,

Jessica Lesniewski, JD
Sr. Claims Representative
Interstate Fire and Casualty Company
One of the Fireman's Fund Insurance Companies
A Company of Allianz
Jessica.Lesniewski@ffic.com
Direct Dial:  312-456-7876

cc via email:  Richard Schwartz
Andy Kilpatrick