IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE: SHIRLEY ANN DOUGLAS                                          CHAPTER 13 PROCEEDING
                                                                     CASE NO. 09-13893

TERRE M. VARDAMAN, TRUSTEE FOR                                      PLAINTIFF
THE ESTATE OF SHIRLEY ANN DOUGLAS

V.                                  ADVERSARY PROCEEDING NO. 10-01187-DWH

RICHARD B. SCHWARTZ, SCHWARTZ &                                     DEFENDANTS
ASSOCIATES, P.A., VANN F. LEONARD AND JOHN DOES

RICHARD B. SCHWARTZ, SCHWARTZ &                                     CROSS-PLAINTIFF
ASSOCIATES, P.A.

V.

VANN F. LEONARD                                                     CROSS-DEFENDANT

ANSWER AND AFFIRMATIVE DEFENSES OF VANN F. LEONARD
TO THE COMPLAINT AND TO THE CROSS-CLAIM

COMES NOW Defendant Vann F. Leonard ("Leonard"), through counsel, and files this his Answer and Affirmative Defenses to the Complaint filed by Plaintiff Terre M. Vardaman, Trustee, and in so responding would respectfully show unto this honorable Court as follows, to-wit:

FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, Leonard alleges that the Complaint and each claim thereof fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, Leonard alleges that the Complaint fails to plead fraud with particularity as required by Fed.R.Bankr.P. 7009(b).

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense to the Complaint, Leonard alleges that the Complaint and each claim thereof are barred by the actions and inactions of the Plaintiff and others.

### FOURTH AFFIRMATIVE DEFENSE

If the Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by her own conduct, acts or failures to act.

### FIFTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by the Plaintiff were not caused by any act or omission of Leonard.

### SIXTH AFFIRMATIVE DEFENSE

The claims alleged by the Plaintiff against Leonard are barred, either in whole or in part, by the doctrines of mitigation, waiver, estoppel and laches.

### SEVENTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained or incurred damages as alleged, such damages were caused in whole or in part by the conduct of other persons or entities for whose conduct Leonard was not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

Any amount that the Plaintiff claims as compensatory damages, if the claim for such amounts are not entirely barred, must be diminished proportionately by the fault of the Plaintiff and the fault of all others who caused or contributed to cause the harm.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's demand for punitive damages violates the Sixth Amendment to the United States Constitution in that an award of punitive damages is penal in nature, entitling Leonard to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's demand for punitive damages violates the right against self-incrimination accorded by the United States Constitution in that the damages sought are penal in nature while Leonard is required to disclose documents and/or other evidence without benefit of the safeguards against self-incrimination.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's demand for punitive damages violates the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's demand for punitive damages violates the rights guaranteed by the United States Constitution in that an award of punitive damages is penal in nature for which the burden of proof placed upon the plaintiff is less than the "beyond a reasonable doubt" standard required in criminal cases.

### THIRTEENTH AFFIRMATIVE DEFENSE

The demand for punitive damages violates the due process clause of the Fourteenth Amendment to the United States Constitution in that the standards for an award for punitive damages and the amount thereof are vague, arbitrary and not rationally related to any legitimate governmental interest.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's demand for punitive damages violates the Constitution of the State of Mississippi, which provides that no person shall be deprived of life, liberty or property except by due process of law.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's demand for punitive damages violates the Constitution of the State of Mississippi, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that an award of punitive damages is penal in nature for which the burden of proof placed upon the plaintiff is less than the "beyond a reasonable doubt" standard required in criminal cases. Further, the punitive damage claim is vague, arbitrary and is not rationally related to any legitimate governmental interest.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's demand for punitive damages violates the Constitution of the State of Mississippi, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that an award of punitive damages is penal in nature, while the defendant is compelled to disclose documents and/or other evidence without a constitutional protection against self-incrimination.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for any damages upon which relief can be granted.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Leonard reserves the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

### ANSWER

And now, without waiving any denials and affirmative defenses asserted hereinabove, Defendant Vann F. Leonard responds to the allegations contained in the Plaintiff's Complaint, paragraph by paragraph. Unless specifically admitted, the allegations of the Complaint are denied.

1. Admitted.

2. Leonard is without sufficient knowledge to respond to the allegations contained in Paragraph 2 of the Complaint and therefore denies the allegations contained therein.

3. Leonard is without sufficient knowledge to respond to the allegations contained in Paragraph 3 of the Complaint and therefore denies the allegations contained therein.

4. Admitted.

5. Leonard is without sufficient knowledge to respond to the allegations contained in Paragraph 5 of the Complaint and therefore denies the allegations contained therein.

6. Leonard admits that this adversary proceeding is a core proceeding and that this Court has jurisdiction over the parties named in the Complaint. The remaining allegations contained in Paragraph 6 of the Complaint are statements of legal opinion or are assertions of legal theory to which no answer is required from Leonard.

7. Leonard admits that this adversary proceeding arises in or under the Chapter 13 bankruptcy proceeding of the above named debtor. All remaining allegations contained in Paragraph 7 of the Complaint are denied.

8. Leonard admits the allegations contained in the first seven sentences of Paragraph 8 of the Complaint. Leonard would assert his rights and privileges guaranteed by the Fifth Amendment to the United States Constitution and the Constitution of the State of Mississippi regarding the remainder of the allegations contained in Paragraph 8 of the Complaint and thus denies same.

9. Leonard would assert his rights and privileges guaranteed by the Fifth Amendment to the United States Constitution and the Constitution of the State of Mississippi regarding the

allegations contained in Paragraph 9 of the Complaint and thus denies same.

10. Leonard would assert his rights and privileges guaranteed by the Fifth Amendment to the United States Constitution and the Constitution of the State of Mississippi regarding the allegations contained in Paragraph 10 of the Complaint and thus denies same.

11. Leonard would assert his rights and privileges guaranteed by the Fifth Amendment to the United States Constitution and the Constitution of the State of Mississippi regarding the allegations contained in Paragraph 11 of the Complaint and thus denies same.

12. Leonard would assert his rights and privileges guaranteed by the Fifth Amendment to the United States Constitution and the Constitution of the State of Mississippi regarding the allegations contained in Paragraph 12 of the Complaint and thus denies same.

13. Leonard would assert his rights and privileges guaranteed by the Fifth Amendment to the United States Constitution and the Constitution of the State of Mississippi regarding the allegations contained in Paragraph 13 of the Complaint and thus denies same.

14. Leonard would assert his rights and privileges guaranteed by the Fifth Amendment to the United States Constitution and the Constitution of the State of Mississippi regarding the allegations contained in Paragraph 14 of the Complaint and thus denies same.

15. Leonard would assert his rights and privileges guaranteed by the Fifth Amendment to the United States Constitution and the Constitution of the State of Mississippi regarding the allegations contained in Paragraph 15 of the Complaint, including all subparts thereunder, and thus denies same. 16. Leonard would assert his rights and privileges guaranteed by the Fifth Amendment to the United States Constitution and the Constitution of the State of Mississippi regarding the allegations contained in the unnumbered paragraph of the Complaint which begins "WHEREFORE, PREMISES CONSIDERED," including all

subparts thereunder, and thus denies that the Plaintiff is entitled to any relief whatsoever in the premises.

WHEREFORE, PREMISES CONSIDERED, Defendant Vann F. Leonard prays that his Answer and Affirmative Defenses be received and filed, and that upon consideration thereof, prays that this honorable Court will enter Judgment in his favor, dismissing the Complaint in its entirety against Leonard, and awarding Leonard such other relief as the Court deems proper in the premises.

DATED this the 10th day of December, 2010.

RESPECTFULLY SUBMITTED,

By: *s/ Joe M. Hollomon*
JOE M. HOLLOMON, HIS ATTORNEY

By: *s/ Vann F. Leonard*
OF COUNSEL

Joe M. Hollomon, MSB No. 2551 - jhollomon@att.net
Post Office Box 22683
Jackson, Mississippi 39225-2683
Ph. (601) 353-1300
Fax (601) 353-1308

Vann F. Leonard, MSB No. 9611 - vfllaw@bellsouth.net
Post Office Box 16026
Jackson, Mississippi 39236
Ph. (601) 605-8228
Fax (601) 898-2226

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the above and foregoing *Answer and Affirmative Defenses* with the Clerk of this Court using the ECF system, which sent notification thereof to the following:

Selene D. Maddox, Esquire - sdmaddox63@gmail.com
Attorney for the Chapter 13 Case Trustee:
362 North Broadway Street
Tupelo, Mississippi  38804

Terre M. Vardaman, Esquire - missatty@bellsouth.net
Chapter 13 Case Trustee:
Post Office Box 1326
Brandon, Mississippi  39043

Paula E. Drungole, Esquire - drungolelawfirm@bellsouth.net
Attorney for the Debtor:
Post Office Box 186
Starkville, Mississippi  39760

Philip W. Thomas, Esquire - missatty@bellsouth.net
Attorney for Shirley Douglas
Post Office Box 24464
Jackson, Mississippi  39225

R. Adam Kirk, Esquire - akirk@gorekilpatrick.com
Attorney for Richard B. Schwartz and Schwartz & Associates, P.A.
Gore, Kilpatrick & Dambrino, PLLC
Post Office Box 901
Grenada, Mississippi  38902

Richard C. Bradley, III, Esquire - rbradley@danielcoker.com
J. Wyatt Hazard, Esquire - whazard@danielcoker.com
Attorneys for Richard B. Schwartz and Schwartz & Associates, P.A.
Daniel, Coker, Horton & Bell, P.A.
Post Office Box 1084
Jackson, Mississippi  39215

DATED this the 10th day of December, 2010.

                    *s/ Joe M. Hollomon*