IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: SHIRLEY ANN DOUGLAS<br>Debtor | CHAPTER 13 PROCEEDING<br>CASE NO. 09-13893-DWH |
| TERRE M. VARDAMAN, TRUSTEE FOR<br>THE ESTATE OF SHIRLEY ANN DOUGLAS | PLAINTIFF |
| vs. | ADVERSARY NO. 10-01187-DWH |
| RICHARD B. SCHWARTZ,<br>SCHWARTZ AND ASSOCIATES, P.A.,<br>VANN F. LEONARD, and JOHN DOES | DEFENDANTS |

**RICHARD B. SCHWARTZ AND SCHWARTZ AND ASSOCIATES, P.A.'S RESPONSE
IN OPPOSITION TO DEBTOR'S MOTION TO REQUIRE SCHWARTZ
TO PAY $172,414.68 TO THE TRUSTEE OR INTO THE REGISTRY OF THE COURT**

COME NOW Defendants Richard B. Schwartz and Schwartz and Associates, P.A., and respectfully submit this Response in opposition to Debtor's Motion to Require Schwartz to Pay $172,414.68 to the Trustee or into the Registry of the Court. For the reasons discussed below, Debtor's Motion should be denied.

1. **The Court-approved attorney fee was earned by Schwartz and paid pursuant to Court Order.**

Debtor has failed to cite any relevant authority to support her request. It is undisputed that by Order dated June 3, 2010, the Court, without objection, approved the payment of attorney's fees and expenses to Schwartz and Associates, P.A. ("Schwartz") in the amount of $172,414.68. See Docket No. 54. It is also undisputed that in this same Order, the Court authorized Vann Leonard, Schwartz's Counsel for the limited purpose of obtaining Bankruptcy Court approval of the settlement,[1] to disburse to Schwartz $172,414.68 of the settlement

---

[1] A question of fact exists regarding whether an attorney-client relationship existed between Leonard and the Debtor for the limited purpose of obtaining approval of this settlement from the Court and disbursement of settlement proceeds.

proceeds and hold the remaining $327,85.32 in settlement proceeds until directed by the Chapter 13 Trustee, Terre M. Vardaman, to either pay these proceeds to her, or disburse them to creditors per the directions of Vardaman. Id.[2] Thus, the Debtor, the Chapter 13 Trustee and the Court were aware of and approved Leonard both disbursing $172,414.68 in settlement proceeds to Schwartz for payment of attorney's fees and reimbursement for expenses, and holding the remaining $327,85.32 in settlement proceeds until directed by Vardaman to either pay these proceeds to her, or disburse them to creditors per the directions of Vardaman.

The Debtor argues in Exhibit 1 to the Motion that the attorney's fee should be paid into the Court or to the Trustee "because [Schwartz] was negligent in his representation of Ms. Douglas." It has not been shown, and Schwartz contends cannot be show, that his representation of Douglas was negligent. The question of Schwartz's negligence will be determined through and at the conclusion of this Adversary Proceeding. At this point, Debtor certainly has not come forward with evidence to establish negligence as a matter of law and, as discussed below, the single case cited by Debtor is inapposite. No one has alleged that Schwartz obtained the $172,414,68 fee improperly, or that Schwartz did not earn this fee. Further, no one has alleged that Schwartz had actual knowledge of or reason to believe that Leonard would misappropriate the remaining settlement proceeds, or that Schwartz had any involvement in Leonard's wrongful conduct.

Accordingly, Schwartz respectfully submits that to grant Debtor's request for immediate repayment of these fees by Schwartz to either the Court or the Trustee would essentially be to resolve the Adversary Proceeding on its merits before it is even litigated. Thus, because the

---

[2] Vardaman has acknowledged in her Adversary Complaint that, by letter received from Leonard on or about March 18, 2010, Leonard advised her that Schwartz was going to tender all settlement proceeds to Leonard for Leonard to hold in escrow until the appropriate orders were entered by the Bankruptcy Court approving the settlement and disbursement of the settlement proceeds.

2

receipt by Schwartz of the $172,414.68 in settlement proceeds was both proper and authorized by the Debtor, the Chapter 13 Trustee and the Court, Schwartz respectfully submits that the Debtor's Motion should be denied.

2. **The single case cited in support of Debtor's Motion is easily distinguishable.**

The only authority cited by Debtor in support of her bald assertion that Schwartz is vicariously liable for the wrongful acts of Leonard, Duggins v. Guardianship of Washington, 623 So.2d 420 (Miss. 1993), is easily distinguishable. In Duggins, the trial court relied on the existence of a partnership (joint venture) between two attorneys (Duggins and Barfield) to represent a client (the Guardianship of Maurice Washington) to support a finding that Duggins was vicariously liable to the Guardianship for the theft of settlement proceeds by Barfield: "The chancellor specifically found Duggins vicariously liable for Barfield's action under both statutory and present case law since Barfield's actions were within the scope of the partnership." Id. at 426. In affirming the Chancellor's predicate finding that a partnership existed between Duggins and Barfield for purposes of representing the Guardianship, the Mississippi Supreme Court relied on the following three factors:

- "The [client] contract gave Duggins the power to associate whomever he wanted without having to get client consent." Id.

- There was a division of responsibility and work between Duggins and Barfield: "Duggins was to handle the client contact and do all the necessary leg work such as compiling medical records, [and] Barfield was to use his experience in the area of medical malpractice to draft and file the complaint and to negotiate with the insurance company in the hopes of settling the claim." Id.

3

- Fees were to "be split 50/50 between [Duggins and Barfield]," resulting in each attorney having "an equal stake in the outcome of the case." Id. at 426-27.

The Mississippi Supreme Court then looked to the Uniform Partnership Act and Mississippi statutory law to conclude that one partner must "make good for another partner's misappropriation of money or property while in the custody of the partnership. . . . and all partners are jointly and severally liable for debts and obligations of the partnership." Id. 427. As an additional basis for holding Duggins vicariously liable for the actions of Barfield, the Mississippi Supreme Court held that a joint venture existed between the two attorneys because the attorneys shared "both the responsibility and the profits from this representation." Id. 428.

Plaintiff has failed to offer any admissible evidence to establish, as a matter of law, the existence of a partnership (joint venture) between Schwartz and Leonard to represent her in the underlying personal injury action. Rather, the undisputed facts demonstrate that no partnership has ever existed between Schwartz and Leonard to represent the Debtor in the underlying personal injury action. Unlike the client contract in Duggins, Debtor's contract expressly required the Debtor to approve the association of any additional counsel to assist in the furtherance of her claim, and Debtor was advised of and consented to the employment of Leonard for the limited purpose of obtaining Court approval of the settlement. Next, there was no division of responsibility and work between Schwartz and Leonard in the prosecution of Debtor's underlying personal injury claim. Rather, Schwartz had already negotiated and reached a favorable settlement of the Debtor's underlying claim before Leonard was contacted to obtain approval of the settlement by the Court. Additionally, Schwartz and Leonard did not have an equal stake in the outcome of the underlying personal injury claim. Rather, Leonard was to bill Schwartz on an hourly basis to prepare the necessary paperwork and obtain Bankruptcy Court

approval of the settlement negotiated by Schwartz. See Affidavit of Richard B. Schwartz, attached as Exhibit A. Finally, and perhaps most importantly, the Debtor has taken the position in her filings with the Court that "there is no attorney-client relationship between Debtor and Vann Leonard." See Debtor's Motion for Show Cause Order and to Rescind Order Approving Attorney's Fee, Docket No. 66, at ¶ 10. This position is directly contrary to the situation existing between the plaintiff and the attorneys in Duggins. Thus, Schwartz respectfully submits that the Debtor will never be able to adduce sufficient facts to establish, as a matter of law, the existence of a partnership or joint venture between Schwartz and Leonard to represent her in the underlying personal injury action. Accordingly, the Debtor's vicarious liability claim against Schwartz under Mississippi's partnership law fails as a matter of law.

In short, the Debtor has failed to cite any relevant authority to support her request that Schwartz immediately repay to the Trustee or the Court the $172,414.68 in attorneys' fees and expenses previously approved by the Court. Accordingly, Schwartz respectfully submits that the Motion should be denied.

This the 17th day of December, 2010.

                              Respectfully submitted,

                              RICHARD B. SCHWARTZ and
                              SCHWARTZ AND ASSOCIATES, P.A.

            By:    s/ Joseph Anthony Sclafani
                        One of Their Attorneys

OF COUNSEL:

William Trey Jones, III, Esq.  (MSB No. 99185)
Joseph Anthony Sclafani, Esq. (MSB No. 99670)
BRUNINI, GRANTHAM, GROWER & HEWES PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone:  (601) 948-3101
Facsimile:   (601) 960-6902
tjones@brunini.com
jsclafani@brunini.com

## CERTIFICATE OF SERVICE

I, Joseph Anthony Sclafani, hereby certify that I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Selena D. Maddox, Esq. (sdmaddox63@gmail.com);

Paula E. Drungole, Esq. (drungolelawfirm@bellsouth.net);

Philip Williams Thomas, Esq. (pthomas@thomasattorney.com);

Richard C. Bradley, III, Esq. (rbradley@danielcoker.com); and

Vann F. Leonard, Esq. (pro se).

Further, I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: NONE.

This the 17th day of December, 2010.

s/ Joseph Anthony Sclafani