IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SHIRLEY DOUGLAS**                                                                                       **PLAINTIFF**

vs.                                                                                 **CIVIL ACTION NO. 3:10cv677-DPJ-FKB**

**RICHARD B. SCHWARTZ, and**
**SCHWARTZ AND ASSOCIATES, P.A.**                                                   **DEFENDANTS**

<u>**AFFIDAVIT OF RICHARD B. SCHWARTZ**</u>

STATE OF MISSISSIPPI
COUNTY OF HINDS

I, Richard B. Schwartz, being duly sworn, state the following:

1.   I have personal knowledge of the facts attested to in this Affidavit. I am over the age of 21 and competent to testify accordingly.

2.   I am a duly licensed attorney admitted to practice in the State of Mississippi and in good standing with the Mississippi Bar. My Mississippi Bar Number is 6566. I am a member of the firm of Schwartz and Associates, P.A. ("Schwartz, P.A.") located in Jackson, Mississippi.

3.   On or about June 29, 2007, Shirley Douglas retained Schwartz, P.A. to represent her in a personal injury action stemming from a car wreck ("underlying action"). Douglas executed a Professional Services Agreement memorializing the terms of this engagement. Vann Leonard is not a party to and has no rights arising out of the Professional Services Agreement. Further, under the Personal Services Agreement, Vann Leonard did not have any responsibility in connection with the underlying action. Finally, Vann Leonard has no right to any portion of the attorney's fees due to Schwartz, P.A. pursuant to the Personal Services Agreement.

4.   In the summer of 2009, Douglas commenced a Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Mississippi.



5. On or about March 13, 2010, Schwartz, P.A. negotiated a $500,000 settlement of the underlying action. Douglas approved this settlement.

6. After the settlement of the underlying action was reached, Schwartz, P.A. retained Vann Leonard to draft and file with the United States Bankruptcy Court for the Northern District of Mississippi the necessary paperwork to approve (a) Schwartz, P.A.'s employment as counsel for Douglas in the underlying action, (b) the Professional Services Agreement between Douglas and Schwartz, P.A., (c) the settlement of the underlying action negotiated by Schwartz, P.A., and (d) the payment of attorney's fees to Schwartz, P.A., pursuant to the Professional Services Agreement in the amount of $172,414.68. Leonard was to bill Schwartz, P.A. on an hourly basis to prepare the necessary paperwork and to obtain Bankruptcy Court approval of the settlement of the underlying action. Leonard filed the appropriate motions on or about April 7, 2010.

7. In connection with drafting the necessary motions to obtain Bankruptcy Court approval of the settlement of the underlying claim, Leonard spoke with and exchanged written communications with Douglas.

8. According to the Chapter 13 Trustee, Leonard spoke with and provided written communications to her advising her that Leonard would be filing the necessary paperwork to obtain Bankruptcy Court approval of the settlement negotiated by Schwartz, P.A. in connection with the underlying action, and that Schwartz, P.A. would be tendering to Leonard the $500,000 gross settlement proceeds for Leonard to hold until the appropriate orders were entered by the Bankruptcy Court.

9. In late March or early April, 2010, Schwartz, P.A. tendered the $500,000 gross settlement proceeds to Leonard.

10. By Order dated June 3, 2010, United States Bankruptcy Judge David Houston approved the employment of Schwartz, P.A. and the Professional Services Agreement. By separate Order dated June 3, 2010, Judge Houston (a) approved the $500,000 settlement; (b) approved the payment of $172,414.68 in attorneys' fees and expenses to Schwartz, P.A.; and (c) recognized that Leonard would hold "all excess settlement proceeds after payment of legal fees and reimbursement of expenses," and, at the direction of Vardaman, Leonard would either tender the excess proceeds to Vardaman, or disburse them at the direction of Vardaman.

11. In accordance with the Bankruptcy Court's June 3, 2010 Order, on or about June 3, 2010, Leonard tendered to Schwartz, P.A. attorney's fees and reimbursement for expenses totaling $172,414.68.

12. I deny that any of the legal services that either I, or Schwartz, P.A. provided to Douglas in connection with the underlying action was "improper" or deviated in any way from the requisite standard of care.

13. Pursuant to Fed. R. Civ. Pro. 56(d), I respectfully submit to the Court that if the testimony contained in this Affidavit provides an insufficient basis to deny Douglas's Motion for Partial Summary Judgment that the Court deny or defer ruling on the Motion until I, through my Counsel, am afforded an opportunity to conduct the following discovery:

    (a) Deposition of Douglas;

    (b) Deposition of Leonard;

    (c) Deposition of Vardaman;

    (d) Requests for Production to obtain Douglas' complete file regarding the underlying action and bankruptcy proceeding, including all correspondence with Schwartz, Leonard and Vardaman;

(e) Requests for Production to obtain Leonard's entire file regarding obtaining Bankruptcy Court approval of the settlement of the underlying actions, including all correspondence with Douglas and Vardaman;

(f) Requests for Production to obtain Vardaman's file regarding the settlement of the underlying claim and the paperwork submitted by Leonard to obtain Bankruptcy Court approval, including all correspondence with Leonard.

FURTHER AFFIANT SAYETH NOT.

This the 17 day of December, 2010.

_____
Richard B. Schwartz

SWORN TO AND SUBSCRIBED before me the undersigned authority on this the 17 day of December, 2010.

_____
Notary Public

My Commission Expires:

