IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: SHIRLEY ANN DOUGLAS<br>Debtor | CHAPTER 13 PROCEEDING<br>CASE NO. 09-13893-DWH |
| TERRE M. VARDAMAN, TRUSTEE FOR<br>THE ESTATE OF SHIRLEY ANN DOUGLAS | PLAINTIFF |
| vs. | ADVERSARY NO. 10-01187-DWH |
| RICHARD B. SCHWARTZ,<br>SCHWARTZ AND ASSOCIATES, P.A.,<br>VANN F. LEONARD, and JOHN DOES | DEFENDANTS |

## MOTION TO STAY ADVERSARY PROCEEDING

COME NOW Defendants Richard B. Schwartz and Schwartz and Associates, P.A. ("Schwartz") and respectfully request, pursuant to the first-to-file rule, that the Court stay this action in favor of a prior-filed and virtually identical action currently pending in the United States District Court for the Southern District of Mississippi. As outlined below, the claims presented in the prior-filed action are virtually identical and seek the same relief sought in this action. Further, the first-filed action was not filed in bad faith, to pre-empt this suit or in an attempt to forum shop. Accordingly, in order to avoid waste of both the Court's and parties' resources, the duplication of work and to prevent inconsistent rulings on identical questions of fact and law, Schwartz respectfully requests that the Court stay this action.

### I.    BACKGROUND FACTS

On October 15, 2010, the Debtor, Shirley Douglas ("Douglas") through her Counsel Philip Thomas, filed a Complaint in the Circuit Court of Hinds County, Mississippi asserting claims against Richard Schwartz and Schwartz and Associates, P.C., for (a) negligence, (b) legal malpractice, (c) vicarious liability and (d) disgorgement of attorney's fees arising out of Schwartz's prior representation of Douglas in a personal injury action ("First-Filed Action"). (A

copy of the Complaint is attached as Exhibit A.) The Complaint seeks as damages "$500,000 in settlement proceeds that were never received by Ms. Douglas and never benefited her in any way," as well as economic damages, attorney's fees, costs, interests and punitive damages. On November 19, 2010, Schwartz removed the First-Filed Action to the United States District Court for the Southern District of Mississippi, where it is presently pending. On November 30, 2010, Douglas filed in the Southern District of Mississippi a Motion for Partial Summary Judgment demanding judgment against Schwartz in the amount of $500,000. See Exhibit B. On December 17, 2010, Schwartz filed a response to the Motion for Partial Summary Judgment.

On October 21, 2010, one week after the First-Filed Action was commenced, Chapter 13 Trustee Terre M. Vardaman, on behalf of Douglas, commenced the instant Adversary Proceeding asserting claims against Schwartz and attorney Vann Leonard for (a) negligence, (b) legal malpractice, (c) false and fraudulent representations, (d) breach of the attorney contract, (e) joint and several liability/vicarious liability, and (f) disgorgement of attorney's fees arising out of Schwartz's prior representation of Douglas in a personal injury action ("Adversary Action"). (A copy of the Adversary Complaint is attached as Exhibit C.) The Adversary Action seeks damages including the immediate turnover of the same $500,000 at issue in the First-Filed Action, as well as actual, compensatory and punitive damages, attorney's fees and costs. By Order dated November 15, 2010, Douglas was permitted to intervene as a Plaintiff in this action. See Docket No. 9.

On October 27, 2010, Douglas, through her Counsel Philip Thomas, filed a Motion for Show Cause Order and to Rescind Order Approving Attorney's Fee, in which Douglas advised the Court that she "will ask the Court to dismiss or stay the Trustee's adversarial proceeding, since the Debtor's action was the first filed and the Debtor is in the best position to assert her

legal malpractice claim. . . . Chapter 13 is a voluntary proceeding and it make sense to give the Chapter 13 Debtor 'broad latitude' to control litigation." See Docket No. 66 at ¶ 10.

## II.   ARGUMENT AND AUTHORITY

### A.   The first-to file rule.

As the Fifth Circuit has recognized:

> Under the first-to-file rule, a district court may dismiss, stay, or transfer an action where the issues presented can be resolved in an earlier-filed action pending in another federal court.  The rule is grounded in principles of comity and sound judicial administration.  The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.

Burger v. American Maritime Officers Union, 1999 WL 46962, *1 (5th Cir. 1999) (internal citations and quotations omitted).[1]  In determining whether to apply the first-to-file rule, the court should consider two questions: "(1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the issues; and (2) which of the two courts should resolve the case?"  Murray v. Wilson, 2008 WL 3498226, *2 (E.D. La. 2008)(citations omitted).  In answering the first question, "[c]ourts have noted that a substantial relationship exists between two suits where the issues, though not identical, are similar enough that the cases would be consolidated if filed in the same court."  Id. at *3 (citations omitted).  In answering the second questions, in the absence of "compelling circumstances" which include "bad faith, anticipatory suit and forumshopping," the court "who gets the suit first should be the one to decide the case."  Id., see also, Fat Possum Records, Ltd. v. Capricorn Records, Inc., 909

---

[1] "[T]he power to stay proceedings is identical to the power inherent in every court to control the disposition of the causes on its docket with economy of time and efforts for itself, for counsel, and for litigants.  Indeed, a stay pending the outcome of litigation in another court between the same parties, involving the same or controlling issues, is an appropriate means of avoiding unnecessary waste of judicial resources. . . .  The Fifth Circuit has specifically recognized that district courts have inherent power to stay or dismiss an action where the issues presented can be resolved in an earlier filed action pending in another federal district court.  This is the so-called first to file rule."  Wolf Designs, Inc. v. Donald McEvoy Ltd., 341 F.Supp.2d 639, 642 (N.D. Tex. 2004)(internal quotations and citations omitted).

3

F.Supp. 442, 445 (N.D. Miss. 1995)("[I]n the absence of compelling circumstances which warrant keeping the action in the second filed forum, courts should exercise their discretion to defer to the court in which the action was initially filed.")(citations omitted).

### B. The First-Filed Action and the Adversary Action involve virtually identical issues.

A review of the attached Complaints demonstrates that the issues presented in the First-Filed Action and the Adversary Action are virtually identical. As outlined above, both Complaints assert causes of action for negligence, legal malpractice, vicarious liability and disgorgement of attorney's fees arising out of Schwartz's representation of Douglas in a personal injury action. Further, both Complaints seek damages including the same $500,000 in settlement proceeds received by Douglas in connection with her personal injury action and the disgorgement of attorneys' fees paid to Schwartz, as well as other economic damages, attorneys' fees, costs, and punitive damages. Accordingly, there can be no serious doubt that if the two actions were pending in the same court that they would be consolidated into a single action. Thus, the first prerequisite for application of the first-to-file rule has been met.

### C. No compelling circumstances exist to warrant denying the requested stay.

Schwartz is unaware of any bad faith or desire to forum shop by Douglas or her Counsel that led to the commencement of the First-Filed Action. Further, two practical considerations weigh in favor of a stay of this action. First, the convenience of the parties and witnesses weigh heavily in favor of a stay of this action as Defendants reside in the Southern District of Mississippi, the vast majority, if not all of the documentary evidence and witnesses are located in the Southern District of Mississippi, the property at issue, i.e., the $500,000, is or is last known to be located in the Southern District of Mississippi, and Counsel for the Debtor and Defendants reside in the Southern District of Mississippi. Second, the Southern District of Mississippi is just

as capable as this Court to resolve the legal issues presented in this dispute. Thus, in the absence of any "compelling circumstances," the second prerequisite for application of the first-to-file rule has been met, and the Court should exercise its discretion by staying this action.

In sum, the negligence and legal malpractice claims asserted by and on behalf of Douglas should be resolved in a single action, and, for the reasons discussed above, they should be resolved in the First-Filed Action. A stay of this action in favor of the First-Filed Action will serve the ends of justice as it will conserve the financial resources of both the parties and the Court, prevent the duplication of work and prevent inconsistent ruling on identical questions of fact and law. Accordingly, Schwartz respectfully requests that the Court stay this action pending resolution of the First-Filed Action currently pending in the United States District Court for the Southern District of Mississippi.

This the 20th day of December, 2010.

        Respectfully submitted,

        RICHARD B. SCHWARTZ and
        SCHWARTZ AND ASSOCIATES, P.A.

By:    s/ Joseph Anthony Sclafani
          One of Their Attorneys

OF COUNSEL:

William Trey Jones, III, Esq. (MSB No. 99185)
Joseph Anthony Sclafani, Esq. (MSB No. 99670)
BRUNINI, GRANTHAM, GROWER & HEWES PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone: (601) 948-3101
Facsimile: (601) 960-6902
tjones@brunini.com
jsclafani@brunini.com

**CERTIFICATE OF SERVICE**

I, Joseph Anthony Sclafani, hereby certify that I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Selena D. Maddox, Esq. (sdmaddox63@gmail.com);

Paula E. Drungole, Esq. (drungolelawfirm@bellsouth.net);

Philip Williams Thomas, Esq. (pthomas@thomasattorney.com);

Richard C. Bradley, III, Esq. (rbradley@danielcoker.com); and

Vann F. Leonard, Esq. (vfllaw@bellsouth.net).

Further, I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: NONE.

This the 20th day of December, 2010.

s/ Joseph Anthony Sclafani