**IN THE UNITED STATES BANKRUPTCTY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE: SHIRLEY DOUGLAS** | **CHAPTER 13 PROCEEDING** |
| | **CASE NO. 09-13893** |
| **TERRE M. VARDAMAN, TRUSTEE FOR** | |
| **THE ESTATE OF SHIRLEY ANN DOUGLAS** | **PLAINTIFF** |
| **VS.** | |
| | **ADVERSARY NO. 10-01187-DWH** |
| **RICHARD B. SCHWARTZ, SCHWARTZ &** | |
| **ASSOCIATES, P.A., and VANN F. LEONARD** | |
| **AND JOHN DOES** | **DEFENDANTS** |

**JOINT MEMORANDUM OF AUTHORITIES SUPPORTING
MOTION FOR PARTIAL SUMMARY JUDGMENT
ON BEHALF OF DEBTOR SHIRLEY DOUGLAS AND THE TRUSTEE**

**I. INTRODUCTION**

This is a legal malpractice case. Shirley Douglas hired Richard Schwartz and Schwartz & Associates, P.A. (collectively "Schwartz") to represent her in a claim for injuries sustained in a car wreck. Schwartz settled the case for $500,000 and gave the money to Van Leonard—an attorney Schwartz hired to represent Schwartz in Plaintiff's bankruptcy proceeding. Leonard paid Schwartz $172,414.68 of the $500,000 and stole the rest of the settlement. Despite receiving $172,414.68, Schwartz refuses to pay a penny to Ms. Douglas or her bankruptcy estate. Schwartz is clearly liable to Plaintiffs for $500,000 based on Mississippi law.[1] Therefore, the Court should enter partial summary judgment in Plaintiffs' favor in the amount of $500,000 and set the Plaintiffs' remaining claims for trial.

---

[1] The $500,000 will be used to satisfy Ms. Douglas' bankruptcy creditors with the remained going to Ms. Douglas.

## II. FACTS

In June 2007 Shirley Douglas was injured in an automobile accident caused by the negligence of the driver of another vehicle.[2] Later in June 2007, Ms. Douglas hired Schwartz to serve as her lawyer to make a claim against the driver of the other vehicle.[3] Richard Schwartz was the Schwartz & Associates attorney who was responsible for Ms. Douglas' case and who communicated with Ms. Douglas about her case.[4]

On July 31, 2009 Ms. Douglas filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Mississippi.[5]

On or about March 23, 2010 Schwartz negotiated a $500,000 settlement of Ms. Douglas' claim from the automobile accident.[6] Schwartz recommended that Ms. Douglas accept the settlement offer and she agreed.[7]

Schwartz then hired attorney Van Leonard to assist Schwartz in obtaining court approval of the settlement in Ms. Douglas' bankruptcy proceeding.[8] Van Leonard appeared in the case and obtained approval of the settlement.[9] The proceeds of the $500,000 settlement were sufficient to pay all of Ms. Douglas' creditors and to allow her

---

[2] See Complaint at ¶ 6. Defendants' Answer admitted this allegation.

[3] See Complaint at ¶ 7. Defendants' Answer admitted this allegation.

[4] See Complaint at ¶ 8. Defendants' Answer admitted this allegation.

[5] See Complaint at ¶ 9. Defendants' Answer admitted this allegation.

[6] See Complaint at ¶ 10. Defendants' Answer admitted this allegation.

[7] Id.

[8] See Complaint at ¶ 11. Defendants' Answer admitted this allegation.

[9] Id.

2

to be discharged from bankruptcy with money in her pocket from the settlement of her auto accident claim.[10]

The defendant in the automobile accident case tendered the $500,000 settlement proceeds to Schwartz.[11] Schwartz then tendered the $500,000 settlement proceeds to Van Leonard.[12] Van Leonard obtained approval of the bankruptcy court to pay attorney's fees and expenses of $172,414.68 to Schwartz and to tender the remaining funds to the U.S. Bankruptcy Trustee.[13]

Van Leonard tendered $172,414.68 to Schwartz.[14] Van Leonard never tendered the remaining $327,585.32 to the Trustee or to Ms. Douglas.[15] Van Leonard misappropriated the settlement proceeds.[16] Schwartz did not return any of the settlement proceeds that it obtained.[17] Schwartz claims that it does not have to return the money that it collected.[18] Of the $500,000 settlement proceeds, Schwartz received $172,414.68 and Van Leonard stole the remaining $327,585.32.[19] No money was paid to the Trustee on behalf of Ms. Douglas' creditors or to Ms. Douglas.[20]

---

[10] See Exhibit "1" to Motion, Affidavit of Shirley Douglas at ¶ 3.

[11] See Complaint at ¶ 13. Defendants' Answer admitted this allegation.

[12] See Complaint at ¶ 14. Defendants' Answer admitted this allegation.

[13] See Complaint at ¶ 15. Defendants' Answer admitted this allegation.

[14] See Complaint at ¶ 16. Defendants' Answer admitted this allegation.

[15] Ex. "1", Affidavit of Shirley Douglas at ¶ 3.

[16] Id. at ¶ 4.

[17] Id. at ¶ 5.

[18] See Answer at p. 12 responding to Complaint ¶ 19.

[19] Ex. "1", Affidavit of Shirley Douglas at ¶ 6.

[20] Id. at ¶ 7.

### III. STANDARD OF REVIEW

Summary judgment is appropriate when viewing the pleadings, depositions, answers to interrogatories, and other evidence on file in the light most favorable to the non-movant, there is no genuine issue as to any material fact and the non-moving party is entitled to judgment as a matter of law.[21]  When a summary judgment motion is made and properly supported, an adverse party may not rest upon mere allegations or denials but must offer testimony or evidence that sets forth specific facts that show that there is a genuine issue for trial.[22]  Otherwise, summary judgment should be entered against the adverse party.[23]

### IV. ARGUMENT

**A. Schwartz is liable to Plaintiffs for money that Van Leonard stole.**

Plaintiffs are entitled to summary judgment pursuant to *Duggins v. Guardianship of Washington*, 632 So. 2d 420 (Miss. 1993). In *Duggins*, an attorney who was associated on a case by another attorney stole the client's settlement proceeds.[24] The trial court entered judgment against the original attorney and found him vicariously liable for the thief's conduct.[25] On appeal, the Mississippi Supreme Court affirmed the judgment against the original attorney and ruled that he was vicariously liable for the thief's

---

[21] *Gorman v. Southeastern Fidelity Ins. Co.,* 775 F. 2d 655, 657 (5th Cir. 1985).

[22] Federal Rule of Civil Procedure 56(e).

[23] *Id.*

[24] 632 So. 2d at 422-25.

[25] Id. at 425-26.

4

conduct.[26] The Court also affirmed the trial court's ruling that the original attorney's vicarious liability extends to punitive damages.[27]

*Duggins* is on point and requires this Court to enter partial summary judgment in Plaintiffs' favor against Schwartz. Schwartz hired Van Leonard and Leonard stole Ms. Douglas' settlement. Therefore, Schwartz is vicariously liable to Plaintiffs for Leonard's theft.

**B.  Schwartz is Not Entitled to Keep its Attorney's Fee.**

Schwartz is not entitled to recover an attorney's fee for its representation of Ms. Douglas. Ms. Douglas' counsel was unable to locate a case decided under Mississippi law that addressed the issue of disgorgement of an attorney's fee. But courts in other jurisdictions have ruled that an attorney is not entitled to recover fees for legal services performed improperly.

For instance, in *Hendry v. Pelland*, 73 F.3d 397 (U.S. App. D.C. 1996) the Court of Appeals for the District of Columbia cited numerous authorities that recognize that forfeiture of legal fees is an appropriate remedy.[28] The New Jersey Supreme Court explained the rationale for the concept of fee disgorgement in *Packard-Bamberger & Co. v. Collier*, 771 A.2d 1194 (N.J. 2001), noting that it is needed in order to make the plaintiff whole.[29]

In this case, Schwartz gave part of Ms. Douglas' settlement proceeds to Van Leonard and kept the rest. Under these circumstances, Schwartz is not entitled to keep his

---

[26] Id. at 432.

[27] Id.

[28] 73 F.3d at 401-02.

[29] 771 A.2d at 1202.

attorney's fee. Therefore, Schwartz is not entitled to a $172,414.68 offset for his representation of Ms. Douglas.

### C. The Court should enter judgment in Plaintiffs' favor for $500,000.

Plaintiffs are entitled to recover from Schwartz the $172,414.68 retained by Schwartz and the $327,585.32 that Van Leonard stole. Therefore, the Court should enter partial summary judgment in Plaintiffs' favor in the amount of $500,000 against Schwartz. Finally, the Court should allow Plaintiffs' remaining claims to proceed. This includes Ms. Douglas' claims against Schwartz for economic damages related to her not receiving her bankruptcy discharge, mental anguish, emotional distress, and punitive damages and the Trustee's claims against Van Leonard.

### V. CONCLUSION

The Court should enter partial summary judgment in Plaintiffs' favor against Schwartz in the amount of $500,000.

This the 14th day of January, 2011.

Respectfully Submitted,

SHIRLEY DOUGLAS and TERRE M. VARDAMAN

By Their Attorneys,

/s/ Philip W. Thomas
PHILIP W. THOMAS
MS Bar No. 9667

/s/ Selene Maddox
SELENE MADDOX
MS Bar No. 1815

| | |
|---|---|
| PHILIP W. THOMAS, P.A. | MADDOX LAW OFFICE |
| 747 North Congress Street | 362 N. Broadway Street |
| Jackson, MS 39202 | Tupelo, MS 38804-3926 |
| Post Office Box 24464 | |
| Jackson, MS 39225-4464 | |
| Tel: (601) 714-5660 | |
| Fax: (601) 714-5659 | |

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered the non-ECF participants.

| | |
|---|---|
| Terre M. Vardaman, Esquire<br>Chapter 13 Case Trustee<br>Post Office Box 1326<br>Brandon, Mississippi 39043<br>missatty@bellsouth.net | Paula E. Drungole, Esquire<br>Debtor's Bankruptcy Counsel<br>Post Office Box 186<br>Starkville, Mississippi 39760<br>drungolelawfirm@bellsouth.net |
| Office of the United States Trustee<br>100 West Capitol Street, Suite 706<br>Jackson, Mississippi 39269<br>USTRRegions05.AB.ECF@usdoj.gov | Selene D. Maddox<br>Maddox Law Office<br>362 N. Broadway Street<br>Tupelo, Mississippi 38804-3926<br>sdmaddox63@gmail.com |
| R. Adam Kirk<br>Gore, Kilpatrick & Dambrino, PLLC<br>135 First Street (38901)<br>Post Office Box 901<br>Grenada, Mississippi 38902-0901<br>akirk@gorekilpatrick.com | Richard C. Bradley, III<br>J. Wyatt Hazard<br>Daniel, Coker, Horton & Bell, P. A.<br>Post Office Box 1084<br>Jackson, Mississippi 39215-1084<br>rbradley@danielcoker.com<br>whazard@danielcoker.com |

Joseph Anthony Sclafani
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office box 119
Jackson, Mississippi 39205-0119
jsclafani@brunini.com

Joe M. Hollomon
Post Office Box 22683
Jackson, Mississippi 39225-2683
jhollomon@att.net

This the 14th of January, 2011.

                /s/ Philip W. Thomas
                PHILIP W. THOMAS