CM/ECF ntcmsjap
(Rev. 01/28/10)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

In Re: Shirley Ann Douglas
Debtor(s)

Case No.: 09−13893−DWH
Chapter: 13

Terre M. Vardaman
Plaintiff(s)
v.
Richard B. Schwartz
Defendant(s)

Adversary Proceeding No.: 10−01187−DWH

NOTICE REGARDING MOTION FOR SUMMARY JUDGMENT

RE:

*27* – Joint Motion For Summary Judgment Filed by Philip W. Thomas on behalf of Shirley Ann Douglas. (Attachments: # (1) Exhibit 1−Affidavit of Shirley Douglas) (Thomas, Philip)

The certificate of the attorney for the Movant indicates that the Motion was served on the attorney for the Respondent.

Your attention is invited to Rule 7056−1 of the Uniform Local Bankruptcy Rules, a copy of which is enclosed.

Dated: 1/18/11

David J. Puddister
Clerk, U.S. Bankruptcy Court

BY: AOH
Deputy Clerk
Cochran U.S. Bankruptcy Courthouse
703 Highway 145 North
Aberdeen, MS 39730
Telephone: 662−369−2596

**Rule 7056−1.  Motion for Summary Judgment**

Any motion for summary judgment must comply with the following substance and form requirements. Any motion that does not may be denied immediately without requiring a response from the non−moving party.

(1)

If Movant Has The Burden of Proof On The Issue Upon Which Summary Judgment Is Sought

(A) Movant Shall

(i) List and separately number each material fact in the prima facie claim or affirmative defense upon which summary judgment is sought, with the understanding that if the court finds a genuine issue as to any one of the facts listed, summary judgment will be denied.
(ii) For each material fact listed, cite the factual authority. (E.g., "Paragraph 3 of Complaint, admitted in Defendant's Answer," "page 12 of John Doe's Deposition," "Defendant's Request for Admission No. 4, admitted," "Paragraph 5 of Affidavit of John Doe.")
(iii) Attach as exhibits to the motion the factual authorities relied upon for establishment of the material facts. (E.g., Supporting Affidavit, extracts of depositions or Requests for Admission, etc. Do not attach entire depositions or pleadings, just the pertinent portions relied upon.)

(B) Respondent Shall

(i) List any material facts recited by the movant about which the respondent contends there is a genuine issue of fact and cite and attach the factual authorities that create the issue of fact.
(ii) Cite any additional material facts (a) that the respondent contends are part of movant's prima facie case, but were not included in movant's list of the facts constituting the prima facie case, and (b) which the respondent contends established. For each such fact either (a) cite and attach any factual authorities which the respondent contends creates a genuine issue as to that fact or (b) assert that the movant has the burden of persuasion on that fact and has no evidence to support the fact.
(iii) If the respondent relies on any affirmative matter upon which the respondent has the burden of persuasion to counter the motion for summary judgment, follow the procedures set forth in Paragraphs 1 − 3 of Part A above.

(2)

If Movant Does Not Have The Burden of Persuasion on The Issue
Upon Which Summary Judgment Is Sought

(A) Movant Shall

(i) List the material facts that the movant contends constitute the non−moving party's prima facie case.

(ii) Designate which facts in the non−moving party's prima facie case the movant contends do not exist and (a) cite and attach the factual authorities the movant contends establish the non−existence of each designated fact and/or (b) assert that there is no evidence to support the existence of the designated fact.

(B) Respondent Shall

For each material fact designated by the movant as being part of the respondent's prima facie case and claimed by the movant that there is evidence of its non−existence and/or no evidence of its existence, the respondent should either (a) cite and attach any factual authorities supporting the existence of the fact or (b) deny that the respondent has the burden of persuasion to establish this fact as part of the respondent's prima facie case.

(3)

Briefs

1. Each motion for summary judgment must be accompanied by a memorandum brief.

2. The respondent shall file its response and memorandum brief within 21 days of service of the motion for summary judgment and supporting memorandum.